UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACKIE AARON ERWIN,

                        Petitioner,

v.                                                Case Number 09-10712
                                              Honorable Thomas L. Ludington

BLAINE C. LAFLER,

                        Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
## PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Jackie Aaron Erwin, presently confined at Carson City Correctional Facility in Carson City, Michigan, filed a pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction and sentence for criminal sexual conduct. Because this is Petitioner's second habeas petition challenging the same conviction and sentence, his pleading will be transferred to the Court of Appeals for a determination on whether this Court is authorized to consider Petitioner's claims.

I

On June 3, 1994, a circuit court jury in Livingston County, Michigan, found Petitioner guilty of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. Petitioner acknowledged a prior conviction and accepted responsibility for being a habitual offender. *See* Mich. Comp. Laws § 769.10. On January 19, 1995, the trial court sentenced Petitioner as a habitual offender to four concurrent terms of twenty to forty years in prison. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Erwin*, Nos. 178144 and 183137 (Mich. Ct. App. Dec. 13, 1996), but Petitioner did not appeal to the Michigan Supreme Court.

Petitioner unsuccessfully pursued post-conviction remedies in state court, and in 2000, he filed a federal habeas corpus petition.  The Honorable Arthur J. Tarnow dismissed Petitioner's habeas corpus petition with prejudice because Petitioner's claims were procedurally defaulted.  *See Erwin v. Elo*, No. 00-70372 (E.D. Mich. Dec. 30, 2002).  The United States Court of Appeals for the Sixth Circuit affirmed Judge Tarnow's decision and agreed that Petitioner's habeas claims were barred from review by his unexcused procedural defaults.  *See Erwin v. Elo*, 82 F.App'x 405 (6th Cir. 2003) (unpublished).

In 2008, Petitioner filed a state complaint for the writ of habeas corpus, which Montcalm County Circuit Judge Charles H. Miel denied.  The Michigan Court of Appeals denied Petitioner's subsequent complaint for a writ of habeas corpus in that court and denied reconsideration on January 27, 2009.  *See Erwin v. Dep't of Corr.*, No. 287467 (Mich. Ct. App. Dec. 9, 2008, and Jan. 27, 2009).  Petitioner filed the pending habeas corpus petition on February 25, 2009.  The habeas petition challenges Petitioner's acknowledgment of being a habitual offender.  He alleges that his plea was involuntary and that his attorney was ineffective during the habitual offender proceedings.

II

The foregoing procedural history demonstrates that this is Petitioner's second federal habeas corpus petition.  An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  This requirement transfers to the appellate court the screening function that the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization

from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not obtained permission from the Court of Appeals to file another habeas corpus petition challenging his same conviction and sentence.  Although he maintains that this is his first habeas petition challenging his habitual offender status, *see* dkt. # 1at 10, the sentence as a habitual offender was not distinct from his underlying conviction for criminal sexual conduct.  As explained in *People v. Boatman*, 730 N.W.2d 251, 257-58  (2006)(Servitto, P.J., concurring),

> the habitual-offender statute does not create a substantive offense that is separate from and independent of the principal charge. *People v. Oswald (After Remand),* 188 Mich. App. 1, 12, 469 N.W.2d 306 (1991).  There is also, as a result, no separate and distinct sentence imposed on an habitual offender.  Rather, the habitual-offender statute provides possible enhancements directly placed on the sentence imposed for the underlying offense.  Where a defendant's habitual-offender status leads to no separate sentence, such status could only be viewed as part and parcel of the charged crime.

Thus, the Court will transfer the case to the Court of Appeals.

---

[1]  Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

Accordingly, it is **ORDERED** that the Clerk of Court is **DIRECTED** to transfer this case

to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

s/Thomas L. Ludington

THOMAS L. LUDINGTON

United States District Judge

Dated:  March 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on March 23, 2009.

s/Tracy A. Jacobs

TRACY A. JACOBS

---